UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.:    CR 10-599 DMG |
| Plaintiff, | )<br>) |
| vs. | ) COMPLEX CASE MANAGEMENT<br>) ORDER |
| ROSA AMELIA FERNANDEZ, et al., | )<br>)<br>) |
| Defendants | ) |

**A.    <u>TRIAL DATE AND FURTHER STATUS CONFERENCE</u>**

The trial in this case shall commence on **March 1, 2011 at 8:30 a.m.**  All parties and their counsel shall appear for a further status conference in this matter on **August 30, 2010 at 2:00 p.m.**

**B.    FIRST AND SECOND STATUS REPORTS OF GOVERNMENT**

On **June 25, 2010**, the United States Attorney's Office ("USAO") filed a document entitled **"First Status Report."**  By **August 25, 2010**, the USAO shall file a **Second Status Report** and shall include updates regarding the following information, where applicable:

1.    For each defendant who has not yet made an appearance in this case, specify:

    a.    Why the defendant has not yet made an appearance;

    b.    When the defendant is expected to make an appearance, if this is known or can be reasonably estimated;

    c.    Any factors that make it difficult to reasonably estimate when the defendant will make an appearance; and,

    d.    For any defendant already in state or federal custody on other charges:

        i.    Whether the charges underlying the custody are related to the charges in this case and, if so, how; and,

        ii.    Whether the charges underlying the custody have been or will be resolved before the defendant makes an appearance in this case.

2.    For each defendant who has made an appearance in this case:

    a.    Specify whether the defendant has been detained or granted bond;

    b.    Specify whether the defendant is believed to require an interpreter, and if so, the language;

    c.    Specify whether the defendant is currently known to have a medical or mental condition that warrants special attention, treatment, or accommodation; and,

d.    If the defendant has been detained or remained in custody due to a failure to satisfy bond conditions confirm that the defendant's counsel has been advised of the institution in which the defendant is currently being held. (The USAO shall also file separately with the court, under seal and in camera, a list of in-custody defendants that identifies the institution in which each in-custody defendant is being held.)

3.    Include as attachments each of the charts specified under (C) below.

4.    State whether the USAO currently plans to seek additional charges related to this case, and if so, when (this portion of the Status Report ordinarily may be filed in camera and under seal if the USAO has concerns that revealing planned additional charges might cause potential targets to flee or jeopardize an ongoing investigation);

5.    Estimate the following with respect to trial, assuming that all defendants named in the pending indictment were to make appearances and proceed to trial (such estimate not to be binding on the USAO in any way):

a.    Number of government witnesses; and

b.    Number of trial days for the government's case-in-chief (assuming reasonable cross-examination).

6.    Estimate the following with respect to discovery, assuming that all defendants named in the pending indictment were to make appearances and proceed to trial (such estimate not to be binding on the USAO in any way):

a.    With respect to search warrants:

i.    Number of warrants;

ii.    Number of locations searched;

iii.    Pages of documents seized;

iv.    Number of digital devices seized;

v.    Number of items of physical evidence seized.

3

Complex Case Management Order

        b.    With respect to wiretaps:

             i.    Number of applications;

             ii.    Number of target telephones;

             iii.    Hours of audio recordings, specifying hours in English and, if applicable, hours in foreign languages and which languages;

             iv.    Pages of transcripts.

        c.    With respect to other audio- or video-recordings:

             i.    Hours of recordings, specifying hours in English and, if applicable, hours in foreign languages and which languages;

             ii.    Pages of transcripts.

        d.    With respect to physical evidence, including photographs:

             i.    Number of items;

             ii.    Number and, if known, identity of locations at which items will be made available for inspection.

        e.    With respect to digital devices:

             i.    Number and kind of devices seized or otherwise obtained;

             ii.    Whether originals and/or forensic images have been retained, returned, or destroyed;

             iii.    Whether government will make originals and/or forensic images available;

             iv.    Number of pages of documents printed or otherwise stored by the government from data obtained from each device.

        f.    With respect to confidential informants anticipated to provide testimony at trial:

             i.    Number of such informants;

        ii.     Hours of audio- or video-recordings;

        iii.    Pages of transcripts;

        iv.    Pages of other documents  (e.g., criminal histories, payment histories, interview reports).

   g.    With respect to foreign evidence:

        i.      Countries of origin;

        ii.     Nature and type, including whether in foreign languages and which languages;

        iii.    Hours of audio- or video-recordings;

        iv.    Pages of transcripts;

        v.     Pages of other documents;

        vi.    Whether any foreign evidence requests remain pending.

   h.    With respect to written discovery (excluding items covered by more-specific sub-categories above), number of pages for the following:

        i.      Law enforcement agent reports;

        ii.     Expert reports (e.g., chemist reports or other reports of scientific analyses);

        iii.    Transcripts (e.g., grand jury or other court-proceedings);

        iv.    Business records (e.g., bank records, toll records, pen register records, correspondence, emails).

7.    Propose a tentative schedule for completion of discovery (assuming production under the terms set forth under (D) below), and identify for the court any types of discovery as to which the need to limit disclosure (e.g., malware, personal identifying information) may require limits on one or more defendant's access to discovery that cannot be accomplished by redaction.

8.     Provide any other information that may assist the court, the USAO, or the defense in handling this matter efficiently and cost-effectively.

**C.     CHARTS**

1.     As specified in (B)(3) above, the government's Second Status Report shall provide updates, if any, to the attachments to the First Status Report regarding the following:

 a.     A table of contents to the indictment;

 b.     A chart listing the defendants charged in each count of the indictment, arranged by count number;

 c.     A chart listing the defendants and the respective counts with which they have been charged, arranged alphabetically by last name of the defendant, and listing the predicate acts/overt acts alleged as to a particular defendant for any RICO/conspiracy counts;

 d.     The chart described in the previous subparagraph, arranged by defendant's position in the caption of the indictment;

 e.     A chart grouping and identifying those defendants who are blood relatives or relatives by marriage (common law or otherwise), if known, and specifying the relationship; and,

 f.     A chart addressing relative culpability by placing each defendant in one of the following four categories:  (1) most culpable; (2) next-most culpable; (3) next-to-least most culpable; (4) least culpable. These designations shall be based only on conduct alleged in the indictment, shall not be affected by prior criminal convictions or cooperation with the USAO, and shall not be binding on the USAO, meaning that USAO may change its position regarding relative culpability at any time, including during plea negotiations, at trial, or at sentencing.

Complex Case Management Order

2.     On each of the above summary charts, next to the name of each defendant the USAO shall add, in parentheses, the name of that defendant's attorney.

3.     Within 7 calendar days after the filing of any superseding or otherwise new or redacted indictment in this case, the USAO shall file modified summary charts to reflect allegations in any superseding or otherwise new or redacted indictment.

**D.     DISCOVERY**

The USAO shall produce discovery, whether to a Coordinating Discovery Attorney ("CDA") (see Section E, infra) or an individual attorney or *pro se* defendant, as follows:

1.     Master Discovery Index:  With each production of discovery, the USAO shall provide to the CDA and any individual attorney or pro se defendant not receiving discovery through the CDA, a master index of all discovery produced in this case, updated to reflect the current production.  This master index shall identify discovery as follows:

a.     Written discovery shall be identified by Bates number range, with document(s) within each range identified by general type (e.g., interview reports, wire tap transcripts, business records, search warrant or wiretap applications).

b.     Audio or video recordings shall be identified by date of recording, source (e.g., target telephone intercepted, location of recording), and, to the extent possible, participants.  The USAO's identification of participants in the master discovery index shall not be binding on the USAO.

c.     Physical evidence shall be identified by type (e.g., narcotics, weapons), quantity or number (e.g., kilos of methamphetamine, number of weapons), date and manner by which obtained (e.g., seized pursuant to search warrant issued on particular date and

executed on particular date), and current location and custodian (e.g., FBI evidence locker with identification of responsible agent).

2. <u>Draft Transcripts</u>:  At the same time as it files its First Status Report, the government shall file an agreement to be executed by defendants and their counsel stipulating that draft transcripts of recorded calls or recorded surveillance may not be used for cross-examination or other purposes and may not be distributed to any defendant or counsel who have not executed the agreement, unless otherwise ordered by the court.  If draft transcripts are prepared, the USAO: (a) will make them available to all counsel and pro-se defendants who have executed the agreement, pursuant to all terms of the agreement, including the terms regarding non-distribution; and (b) if a CDA is appointed, will make them available to the CDA, who will distribute them only to those counsel, other than the Federal Public Defender's Office ("FPDO"), appointed to represent a defendant under the Criminal Justice Act ("CJA Defense Counsel") and pro se defendants who have executed the agreement, pursuant to all terms of the agreement, including the terms regarding non-distribution.

3. <u>Discovery From Investigating Agencies</u>:  The USAO shall provide to a responsible representative of each law enforcement agency -- local, state, or federal, including penal institutions -- in possession of potentially discoverable material, including possible *Brady* material, specific instructions regarding the nature of such discoverable material under federal law and the type of search that must be accomplished to locate and identify such discoverable material.  As part of its Second Status Report (discussed in Section

J below), the USAO shall confirm that such instructions have been given and list the representatives receiving the instructions.

4.   Discovery Format: To the extent possible, the USAO will produce discovery using the following standard format conventions, and, if it is able to do so, shall not be required to produce discovery in any other format, regardless of any requests by individual defense counsel:

a.   Written discovery will be scanned, Bates numbered, and produced as multi-page PDF documents, with each PDF document having no more than 2000 pages.  Each PDF document shall either be a single complete document (e.g., interview report) or group of documents (e.g., bank records for particular account), or, if multiple documents or groups of documents are contained therein, shall be bookmarked to reflect breaks between documents or groups of documents.

b.   The USAO will maintain original photographs and audio- or video-recordings, and will produce copies in standard format for use with commercially available software using any of the following file types:

i.   Photographs: TIFF, JPEG, or BMP

ii.   Video: AVI, MOV, MPG, MP4, or WMV

iii.   Audio: AAC, AIFF, MP3, WAV, or WMA

c.   If retention has been authorized, the USAO will maintain the originals and/or original forensic images of all acquired digital devices.  The USAO will produce a copy of any such forensic image along with instructions that will enable the extraction and reading, if

possible using commercially available software, of files contained on any such forensic image.

d.   The USAO will maintain the originals of all electronic files it has authority to retain, whether obtained from acquired digital devices or by other means.  For electronic files not contained on a copy of a forensic image being produced under (D)(4)(c) above, the USAO will provide a copy of such electronic files in the same format in which they were received by the USAO.

e.   If the volume of any type of discovery above exceeds five DVD disks, the USAO will, on request, make discovery available on external, stand alone hard drives, which hard drives must be provided to the USAO by defense counsel and must meet requirements to be specified by the USAO.

5.   Access to Discovery for In-Custody Defendants: Subject to any limitations imposed by any protective or other order, the USAO, CDA (if one is appointed), and counsel for any defendant in custody will attempt to arrive at reasonable procedures that will enable defendants and their counsel to review discovery produced in the electronic formats specified in (D)(4) above.  If the USAO, CDA, and counsel are unable to arrive at such procedures, the issue shall promptly be brought to the court's attention at the next status conference. Counsel for defendants housed at San Bernardino Central Detention shall be authorized by this order to take their personal laptop computers into those facilities in order to assist counsel in reviewing discovery with defendants housed at those facilities.  No further order authorizing such a use of personal laptops shall be required.

**E.   APPOINTMENT OF COORDINATING DISCOVERY ATTORNEY**

At the second status conference, the parties shall be prepared to discuss whether the appointment of a Coordinating Discovery Attorney ("CDA") will be necessary in this case.

**F.   FUNDING FOR ADDITIONAL ANCILLARY SERVICES**

For CJA Defense Counsel and indigent *pro se* defendants, all requests for funding for ancillary services (duplication, experts, investigators, paralegals) shall be made to the CJA Supervising Attorney's office.  All requests for funding for domestic travel shall also be made to the CJA Supervising Attorney's office.  All other funding requests shall be made by ex parte application under seal and in camera to the court.

**G.   DEFENDANT-COUNSEL COMMUNICATIONS**

Every CJA Defense Counsel must meet with his or her client <u>at least</u> once per month.  Telephone calls and visits with defendants by a paralegal or investigator are not sufficient compliance with this provision.  CJA Defense Counsel who are <u>unable</u> to comply with this Order in any month must file (under seal if appropriate) by the end of that month an explanation of their failure to comply.  CJA Defense Counsel who have complied with this Order need not file anything.

**H.   DEFENSE RESPONSE**

1.   Defense counsel may respond to this Order or to any response filed by the USAO;

2.   Defense counsel must respond if information concerning his or her client contained in the USAO's First or Second Status Report is incorrect or incomplete (*i.e.*, need for interpreter, medical condition, etc.);

3.   Defense counsel may add information on matters not necessarily covered by this Order.

**I.     PERIODIC STATUS CONFERENCES**

Unless otherwise ordered by the Court, all parties and their counsel shall appear for the following future status conferences in this matter on **October 4, 2010** at 2:00 p.m., **December 6, 2010** at 2:00 p.m., and **February 16, 2011** at 2:00 p.m. (final pretrial conference).

**J.     THIRD STATUS REPORT OF GOVERNMENT**

If it has not already done so, by not later than eight (8) calendar days after the Status Conference on August 30, 2010, the USAO shall provide, in writing, to defense counsel and *pro se* defendants, a proposed schedule for all of the items set forth in Sections (J)(2) through (J)(3) below.  By no later than 14 calendar days after service of the USAO's proposed schedule, defense counsel and *pro se* defendants shall provide, in writing, to the USAO, any objections and/or proposed modifications to the proposed schedule.  After considering any objections and/or proposed modifications, by no later than **September 28, 2010**, the USAO shall file a document entitled **"Third Status Report,"** which shall:

1.     Update or correct all information provided in the First Status Report pursuant to Section (B)(1)-(6) above.

2.     Provide an updated proposed schedule for completion of discovery, including production of discovery by the defense.

3.      Propose schedules for at least the following as applicable:

(a)     Motions regarding joinder and severance;

(b)     Motions challenging Title III intercepts;

(c)     Motions to suppress any other evidence;

(d)     Other pretrial motions dispositive as to all or any portion of the indictment;

(e)     Motions *in limine*;

(f)     Completion of plea negotiations;

Complex Case Management Order

(g)    Entry of guilty pleas;

(h)    Provision by the USAO (if 10 or more defendants remain pending trial) of a proposal for dividing the charges in this case into a series of manageable trials, with the objective (if possible) of having every remaining defendant subjected to only one trial, which proposal should contain an explanation of the basis for the proposed division, and should propose the sequence in which the trials should be conducted;

(i)    Disclosure by the USAO of Federal Rule of Evidence 404(b) evidence for trial;

(j)    Disclosure by the USAO and defense of any testifying experts;

(k)    Disclosure by the USAO and defense of discoverable witness statements, including grand jury transcripts, not earlier produced.

(l)    Disclosure by the USAO of testifying informant information, including *Giglio* material, not earlier produced as part of the discovery;

(m)    Provision by the USAO and defense of prospective witness lists for trial;

(n)    Provision by the USAO and defense of prospective exhibit lists for trial.

4.    Confirm that the instructions required by Section (D)(3) above have been provided, and list the individuals to whom these instructions have been provided.

5.    Confirm that procedures for providing discovery to defendants in custody have been arrived at or identify the issues preventing the implementing of such procedures for consideration by the court.

6.      Provide any other information that may assist the court, the USAO, or the defense in handling this matter efficiently and cost-effectively.

**K.    DEFENSE RESPONSE**

1.      Defense counsel shall file any response to the USAO's Third Status Report not later than 14 calendar days after service of that Report;

2.      Defense counsel must respond if information concerning his or her client is incorrect or incomplete;

3.      Defense counsel may add information on matters not necessarily covered by this Order.

**L.    MANDATORY CHAMBERS COPIES**

Paper chambers copies of all documents are mandatory. Courtesy copies of ALL electronically filed documents MUST be delivered to the courtroom deputy clerk no later than 12:00 p.m. the following business day. Only documents pertaining to *ex parte* applications should be delivered directly to the courtesy copy box located next to the chambers (Room 218P, 312 N. Spring Street). The Court will not rule on stipulations or *ex parte* applications until Chambers copies have been received.

**M.    E-FILING DOCKETING**

**The captioned title of every pleading shall contain the name of the first-listed defendant as well as the name(s) and number(s) (in the order listed in the indictment) of the particular defendant(s) to whom the pleading applies, unless the document applies to all defendants.** The individual defendant's registration number (if known) should be provided on any document pertaining to defendant's custody status (e.g., requests for transfer, medical requests). All parties shall docket items only as to the particular defendant the item pertains to, not as to all defendants, unless the item pertains to all. With the exception of documents filed under seal, every pleading shall be electronically filed in such a way that it is clear from the docketing entry to which defendants it applies. The outer envelope containing any pleading filed under

seal should identify only the case title with first-listed defendant and case number, and should state that the document is filed under seal.

**N.**     **SPECIAL REQUESTS**

Requests for any of the following shall comply with the following requirements:

1.     Bail Reviews: Any request for a bail review based on changed circumstances or information not previously presented to the magistrate judge shall be addressed in the first instance to the magistrate judge and shall be served on both opposing counsel and Pretrial Services.

2.     Pre-Plea Reports: Any request for a pre-plea report by the Probation Office shall be supported by a showing of good cause, shall propose a schedule for consideration and entry of a guilty plea that comports with any schedule set by the court for completion of plea negotiations and entry of guilty pleas and provides at least six weeks for the Probation Office to prepare the pre-plea report, and shall be served on both opposing counsel and the Probation Office.

3.     Custody Transfer Requests: Any request by an in-custody defendant for a transfer to a different custodial location shall be made only after consultation with the United States Marshals Service, shall include a statement of the position of the United States Marshals Service regarding the proposed transfer, and shall be served on both the USAO and the United States Marshals Service.

4.     Travel: Any request by a defendant for a modification of release conditions to permit travel shall be supported by a showing of good cause, shall be made only after consultation with both Pretrial Services and the USAO, shall include a statement of the positions

of both Pretrial Services and the USAO, and shall be served on both Pretrial Services and the USAO.

5.    <u>Medical Treatment</u>: Any request by an in-custody defendant for an order requiring medical treatment shall be made only after consultation with the custodial facility and after the submission to the custodial facility of a written waiver from the defendant permitting the provision to that defendant's counsel of any medical records relevant to the request, shall include a statement of position of the custodial facility, and shall be served on both the custodial facility and the USAO.

IT IS SO ORDERED.


DATE:   August 16, 2010

_____
DOLLY M. GEE
United States District Judge

Complex Case Management Order